IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARITY COLLEEN CROUSE, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-2280-K-BK |
| § | |
| NEUROPSYCHIATRIC CENTER, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

Plaintiff Charity Colleen Crouse, a resident of Dallas, Texas, filed a pro se *Complaint* against Defendant "Neuropsychiatric Center, et al." Doc. 3 at 1. The *Complaint* alleges only: "Please see attached 'Leave to File Motion for New Trial" per Rule 59(a)(B) of Federal Rules of Civil Procedure." Doc. 3 at 1. It includes a pleading titled "Leave to File a Motion for New Trial" that bears the style of a case previously dismissed by the United States District Court for the Southern District of Texas for want of jurisdiction, to-wit: *Crouse v. Neuropsychiatric Center et al,* No. 4:17-cv-02955 (S.D. Tex., Houston Division, Oct. 4, 2017). Doc. 3 at 2-4. Crouse apparently requests this Court to reconsider the dismissal of her Southern District of Texas case and grant a new trial because of "numerous Constitutional and procedural violations, including potential abuses of Rule 23.1 FRCP regarding Derivative Action." Doc. 3 at 4.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Even under the most liberal construction, however, Crouse has not alleged facts that establish federal question or diversity jurisdiction in this Court.[1] In particular, this Court lacks jurisdiction to review the judgment of another district court.

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when he has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Crouse clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 26, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).